IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYLVANIA

| | |
|---|---|
| CHRISTINA ANDERSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:12-cv-00556 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| MACY'S INC., MACYS.COM INC., | ) |
| MACY'S EAST, MACY'S CENTRAL, | ) |
| SIMON PROPERTY GROUP, INC., | ) |
| PREIT PROPERTY, | ) |
| ZAMIAS SERVICES INC., | ) |
| FOREST CITY ENTERPRISES, | ) |
| CBL AND ASSOCIATES PROPERTIES INC., | ) |
| JONES LANG LASALLE, | ) |
| CAFARO COMPANY, | ) |
| URBAN RETAIL PROPERTY INC., | ) |
| DLC MANAGEMENT CORPORATION., and | ) |
| DEVELOPERS DIVERSIFIED | ) |
| REALTY CORPORATION. | ) |
| | |
| Defendants. | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff Christina Anderson (the "Plaintiff"), appearing *pro se*, brings this disability discrimination case against Macy's Inc., Macy's East, and Macy's Central ("Macy's"), Macys.com Inc. ("Macy's Online"), and other corporate entities involved in the development or management of the land upon which Macy's operates retail stores (the "Non-Macy's Defendants"). Currently pending before the Court is the Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 1-1. For the following reasons, the Court will grant the motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C.

1

1915(e)(2)(B)(ii), will also dismiss with prejudice the action against the Non-Macy's Defendants and Macy's Online for failure to state a claim upon which relief may be granted.

## I.

Our Court of Appeals has instructed the district courts to conduct a two-step analysis when considering applications for IFP status. *See Roman v. Jeffes*, 904 F.2d 192, 194, n.1 (3d Cir. 1990). The court is to consider the moving party's financial status and determine, based upon economic criteria alone, whether IFP status should be granted. This Court is then to consider whether the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *Id.* (establishing that the court assesses complaint for frivolousness under 28 U.S.C. 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 28 U.S.C. § 1915(d) with 28 U.S.C. §1915(e), adding bases of review). It is within the sound discretion of the district courts whether to grant or deny IFP status. *See U.S. v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971). The Plaintiff is not incarcerated, but the Third Circuit has held that the provisions of 28 U.S.C. § 1915 apply to all IFP complaints, not simply those filed by prisoners. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114, n.19 (3d Cir. 2002); *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Anderson's IFP motion states that she is currently unemployed and takes home $800.00 per month in Social Security Disability benefits. In the past 12 months, the Plaintiff reports to have received no other income. Plaintiff's IFP motion also states that she has no cash in a checking or saving account, and incurs monthly expenses of $707 per month. The Plaintiff has sufficiently fulfilled the requirements of 28 U.S.C. § 1915 (a), and this Court finds that she is

unable to pay Court fees. Therefore, the Motion for leave to proceed *in forma pauperis* is granted.

## II.

The Plaintiff, Christina Anderson, alleges that she is disabled within the meaning of the Americans with Disability Act (ADA). Describing her condition, Anderson alleges that she suffers from a thyroid disorder, arthritic damage, fibromyalgia, major depression, borderline personality disorder, and anxiety. ECF No. 1-1 ¶¶ 37-42. The Plaintiff also alleges that she is obese and has gained weight as a symptom of her many health and mental conditions and as a side effect of her medications. *Id.* at ¶¶ 43-57.

The Plaintiff alleges that Macy's Inc., among others, discriminated against her as a result of her obesity caused by her medical conditions. The first incident occurred when Anderson visited a Macy's store in Tarentum, PA and attempted to buy a plus-size nightgown that she thought was on sale. *Id.* at ¶¶ 71-73. The cashier informed Anderson that only the smaller sized nightgowns were on sale, even though Anderson was attempting to purchase the exact brand and color of nightgown that was on sale in smaller sizes. *Id.* at ¶¶ 73-78. Anderson requested to speak with a supervisor, who told Anderson that the plus-size clothes are always a higher price than the smaller sizes, but agreed to give Plaintiff the discount from the plus-size price. *Id.* at ¶¶ 80, 82 Anderson left the store after the incident, which "caused the Plaintiff great embarrassment." *Id.* at ¶¶ 83-84.

Anderson did not return to the Tarentum Macy's store, but started shopping at another location and noticed that identical brands of clothing in the average and petite sizes were less expensive than plus-size clothing. *Id.* at ¶¶ 86-89. Further, the smaller clothing sizes were often on sale, but the identical plus-size clothing was not. *Id.* at ¶ 90. One day the Plaintiff asked a

sales clerk about the higher prices for plus-sized clothing, and the clerk said that the extra cost was due to the additional fabric costs associated with making larger clothing. *Id.* at ¶ 92. However, when Anderson asked why petite sizes were not less expensive than average clothing that is larger and requires more material, the clerk did not answer and walked away. *Id.*

In addition to higher prices, Anderson also alleged that the plus-sized clothing section was often "segregated" from the smaller size clothing sections. *Id.* at ¶ 100. Anderson alleges that the plus-sized clothing in some stores is placed on an entirely different level of the store than all the other women's clothing, *id.* at ¶ 105, and, in some instances, is located as far from the entrances as possible. *Id.* at ¶¶ 118-32 The Plaintiff alleged that these decisions appeared to be "maliciously chosen since there was no reasonable explanation for the segregation." *Id.* at ¶ 102. The Plaintiff also alleges that, where Macy's is only one level, the plus-sized section is placed "as far removed as possible" from the smaller sizes. *Id.* at ¶¶ 107-08. Anderson further alleges that items of interest such as jewelry, cosmetics, fragrances, and other "departments that might be of interest to women" are placed farther away from the plus-sized clothing section, but located conveniently near the smaller clothing sizes. *Id.* at ¶¶ 113-37. Anderson also alleges that the space between the aisles in the plus-size clothing section is smaller compared to other sections, which makes it more difficult for people with her disability to shop. *Id.* at ¶ 133. Finally, Anderson alleges that the online selection of clothing for people with her disability is considerably smaller than the selection for non-disabled customers. *Id.* at ¶ 134.

### III.

When a party wishes to proceed in an IFP capacity, the court "shall dismiss the case at any time if it determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This rule parrots the standard the Court applies

4

in ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Hines v. Thomas*, CIV.A. 07-1524, 2008 WL 818008, at * 2 (W.D. Pa. Mar. 26, 2008)

In considering a dismissal under Rule 12(b)(6), federal courts require notice pleading, as opposed to the heightened standard of fact pleading. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).

Building upon the landmark United States Supreme Court decisions of *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit recently explained that a district court must take three steps to determine the sufficiency of a complaint:

> First, the court must "take[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679) (internal citations omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claims are sufficient to sow a "plausible claim for relief." *See Iqbal*, 556 U.S. at 679. While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.*; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

A court may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556. Instead, the court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive dismissal. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed. App'x 774, 776 (3d Cir. 2009). In short, the court should not dismiss a case if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 213. In determining the sufficiency of a *pro se* complaint, the Court must be mindful of its obligation to construe it liberally. *See Haines v. Kerner*, U.S. 519, 520-21 (1972); *U.S. v. Day*, 969 F.2d 39, 42 (3d Cir. 1997).

## IV.

Anderson is alleging discrimination in violation of Title III of the ADA, which prohibits discrimination of individuals on the basis of disability in the full use and enjoyment of any place of public accommodation.[1] "To state a claim of disability discrimination under Title III of the ADA, 'a plaintiff must show (1) discrimination on the basis of a disability, (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator.'" *Harty v. Burlington Coat Factory of Pennsylvania, L.L.C.*, CIV.A. 11-01923, 2011 WL 2415169, at *9 (E.D. Pa. June 16, 2011) (quoting *Dempsey v. Pistol Pete's Beef N Beer, LLC.*,CIV. 08-

---

[1] *See* 42 U.S.C. § 12182 (supp. 2010).

6

5454RBKAMD, 2009 WL 3584597, at *3 (D.N.J. Oct. 26, 2009); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 118 F.Supp.2d 494, 514 (D.N.J.2000). Anderson must plead all of the elements of a Title III ADA claim against each defendant for liability to attach.

Anderson has only alleged discriminatory conduct by Macy's and Macy's Online. For the Non-Macy's Defendants, Anderson has only alleged that they owned or leased a place of public accommodation. While she must plead that fact about each defendant, that fact alone is not sufficient to establish a claim of Title III discrimination. *See Harty*, 2011 WL 2415169, at *9. The Plaintiff has set forth no facts in her Complaint, even when read broadly in her favor, that allege discrimination, on the basis of a disability, in the full and equal enjoyment of any good or service by the Non-Macy's Defendants. To the extent Plaintiff is asserting discrimination claims against any of these Non-Macy's Defendants, they must all be dismissed for failure to state a claim. The Plaintiff's own Complaint reveals that each of them is, at best, only a landowner/property manager of the real estate where Macy's has its stores. They sell no goods and obviously have no role in that process, which is at the heart of Plaintiff's claims.

Title III of the ADA requires Anderson to plead, among other things, that Macy's owns or operates a place of public accommodation. *Id*; *see* 42 U.S.C. § 12181 (7)(E). Macy's Inc. and its subsidiaries, Macy's East and Macy's Central, clearly fit the public accommodation description. However the federal courts are spilt on whether a website constitutes a place of public accommodation. The Third Circuit, however, "is among those that have taken the position that the term is limited to physical accommodations." *Peoples v. Discover Fin. Services, Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010) *cert. denied*, 131 S. Ct. 1008, 178 L. Ed. 2d 829 (2011). Since a website is not a physical accommodation, the Title III claim against Macy's Online must

be dismissed. Therefore only Macy's – Macy's Inc., Macy's East, and Macy's Central – can remain in the suit.

As we have indicated above, the Court must dismiss an IFP-filed case at any time if it determines that the action fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e). The Court is satisfied that, reading her Complaint with the full expanse of generosity, Plaintiff fails to state a claim against the Non-Macy's Defendants, including Macy's Online, and all claims against them. As to Macy's, the Court expresses no opinion as to whether the allegations against it will ultimately get past a motion to dismiss, but only concludes at this point, that they do not so obviously fail to state a claim that they should, at this time, be dismissed under 28 U.S.C. §1915(e).

After review of the petition for IFP status and the Complaint, the Court concludes that 1) the pending Motion for Leave to Proceed IFP is GRANTED; and 2) the Complaint fails to state a claim upon which relief may be granted as to the following Non-Macy's Defendants: Simon Property Group, Inc.; PREIT Property; Zamias Services Inc.; Forest City Enterprises; CBL and Associates Properties Inc.; Jones Lang Lasalle; Cafaro Company; Urban Retail Property Inc.; DLC Management Corporation; and Developers Diversified Realty Corporation. Plaintiffs' claims against Macys.com, Inc. also fail. Therefore, the claims against all of these Defendants are DISMISSED WITH PREJUDICE. This Court is cognizant of the necessity to allow a plaintiff leave to amend a complaint where it can be remedied by such amendment. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). However, leave to amend a complaint is not required when such an exercise would be futile. *Credico v. CEO Idaho Nat. Laboratory*, 461 F. App'x. 78, 79 (3d Cir. 2012) (citing *Grayson*, 293 F.3d at 114). Given the attenuated relationship between the Plaintiff, the

Non-Macy's Defendants, and the alleged discriminatory conduct of Macy's Inc., Macy's East, and Macy's Central, by way of their business practices, the Court finds that amendment as to the dismissed defendants of the Complaint would be futile in this case.

An appropriate order will issue.

Mark R. Hornak
United States District Judge

cc: Christina Anderson